IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KOFIE AKIEM JONES,

      Petitioner,

v.                                  Civil Action No. 1:16CV100
                                  (Criminal Action No. 1:03CR47-01)
UNITED STATES OF AMERICA,                   (STAMP)

      Respondent.

## MEMORANDUM OPINION AND ORDER
## DENYING PETITIONER'S MOTION TO AMEND AS UNTIMELY,
## AFFIRMING AND ADOPTING REPORT AND
## RECOMMENDATION OF MAGISTRATE JUDGE,
## OVERRULING PETITIONER'S OBJECTIONS AND
## DISMISSING CIVIL ACTION WITH PREJUDICE

I.  Background

Following a jury trial, the pro se[1] petitioner, Kofie Akiem Jones, was convicted of (1) conspiracy to rob banks and interfere with commerce by threats and violence, (2) attempted bank robbery, (3) armed bank robbery, (4) possession of a firearm in furtherance of a crime of violence, (5) interference with commerce by threats and violence, and (6) possession of a firearm in furtherance of a crime of violence.  ECF No. 19 at 4/ECF No. 437 at 1.[2]  The

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer.  Black's Law Dictionary 1416 (10th ed. 2014).

[2] The first ECF number refers to the civil docket in which the current petition is pending (Civil Action No. 1:16CV100).  The second ECF number refers to the criminal docket of the petitioner's original criminal action (Criminal Action No. 1:03CR47).

petitioner was sentenced to 535-months imprisonment followed by five years of supervised release.  Id.

Now pending before the Court is the petitioner's motion to vacate, set aside or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255.  ECF Nos. 1 and 12.  In his motion, the petitioner asserts that "Johnson supra, retroactively vindicates [him] of liability."  ECF No. 1 at 1/ECF No. 350 at 1. He also requests assistance of counsel.  Id.

The petitioner then received a notice of deficient pleading and he later filed a motion under § 2255 on a court-approved form. ECF Nos. 4 and 12/ECF Nos. 354 and 360.

In his motion, the petitioner claims he is entitled to relief on seven grounds.  Id.  First, the petitioner asserts that his due process rights under the Fifth Amendment of the United States Constitution were violated because he "was subjected under Count One to, 18 U.S.C. 371, which has been abrogated by Johnson[3] supra due to unconstitutionally vague language" (Ground One).  ECF No. 12 at 5/ECF No. 360 at 5.  Second, the petitioner states that his due process rights were violated when he "was charged with attempted bank robbery, which language has since been abrogated in light of Johnson, supra" (Ground Two).  Id. at 6.  Third, the petitioner asserts that his due process rights were violated because he "was charged with armed bank robbery (18 U.S.C. 2113) which language has

_____

[3]Johnson v. United States, 135 S. Ct. 2551 (2015).

since been abrogated by the Johnson, supra decision" (Ground Three). <u>Id.</u> at 8. Fourth, the petitioner contends that his due process rights were violated because he "was charged in Count Four for possession of a firearm in furtherance of a crime of violence, 18 U.S.C. 924(c) which language has since been abrogated by Johnson, supra" (Ground Four). <u>Id.</u> at 10. Fifth, the petitioner states that his due process rights were violated because he "was charged with Hobbs Act robbery in violation of, 18 U.S.C. 1951 . . . in which language has been abrogated in light of Johnson, supra" (Ground Five). <u>Id.</u> at 11. Sixth, the petitioner asserts that his due process rights were violated because he "was charged in Count Six with possessing a firearm in furtherance of a crime of violence, 18 U.S.C. 924(c) . . . in which language has been abrogated in light of Johnson, supra" (Ground Six). <u>Id.</u> Seventh, the petitioner contends that his due process rights were violated, stating that his "jury charge/instructions reflects the crime of violence language abrogated in light of Johnson, supra" (Ground Seven). <u>Id.</u>

The government then filed an answer to the petitioner's petition. ECF No. 14/ECF No. 376. The government first states that the United States Court of Appeals for the Fourth Circuit has decided that armed bank robbery is categorically a "crime of violence" for a conviction under § 924(c), so the petitioner's challenge to the use of his armed bank robbery conviction in Count

Three as a predicate for his "crime of violence" conviction in Count Four should be denied. Id. at 3-5. Specifically, the government states that the petitioner was not sentenced under the "residual clause" in the Armed Career Criminal Act ("ACCA"), the residual clause of the Career Offender guideline, nor the residual clause found in 18 U.S.C. § 924(e)(1)(B)(ii). Id. at 5. Rather, the government states that the petitioner was sentenced under the "force clause" found in 18 U.S.C. § 924(c)(3)(A), noting that the Fourth Circuit has already ruled that Johnson is inapplicable to the force clause of the armed bank robbery statute, and that armed bank robbery is a crime of violence. Id. Moreover, the government indicates that the petitioner has procedurally defaulted on that claim since he failed to raise it in any appeal of his sentence. Id. at 3, 5, 7-8. The government adds that every circuit has decided that Hobbs Act robbery is categorically a crime of violence for a conviction under § 924(c), and so the petitioner's challenge regarding his Hobbs Act robbery conviction in Count Five should be denied. Id. at 3-4, 6. Specifically, the government states that the petitioner was not sentenced in Count Six under the "residual clause" in the ACCA, the residual clause of the Career Offender guideline, nor the residual clause in 18 U.S.C. § 924(e)(1)(B)(ii). Id. at 5-6. Lastly, the government notes that the petitioner has procedurally defaulted on this claim as well for failing to raise it in any appeal of his sentence. Id. at 7. Similarly, the

4

government contends that the petitioner failed to raise his void for vagueness contention on his direct appeal of his resentencing, and therefore the petitioner cannot establish cause and has procedurally defaulted. Id. at 7-8.

The petitioner then filed what is titled as "Motion for Status Update/Second Request to Hold Proceeding in Abeyance for Requisite Time." ECF No. 380.[4] The petitioner attached a copy of a letter from appointed counsel advising the petitioner that his office was "obligated to notify the Court there is no firm legal basis to support [his] claim. As such, no supplemental filings will be made by [the] office." ECF No. 380-1 at 1. Specifically, the petitioner requests new counsel since his appointed counsel stated that there is no firm legal basis to support the petitioner's claims. Id. at 2-3. The Clerk of Court then sent the docket sheet to the petitioner. ECF No. 381.

The petitioner then filed what is titled as "Consolidated Motion for Status Update/Motion of Notice of Change of Address. Motion to Preserve the Rights for Equitable Tolling." ECF No. 16/ECF No. 396. In that motion, the petitioner states, "[o]n or about December 15th, 2016, this petitioner wrote this Honorable Court asking for [his] case to be held in abeyance under the conditions of ineffective assistance of counsel by Brian Kornbrath,

---

[4]ECF No. 380 in Criminal Action No. 1:03CR47 is not docketed in Civil Action No. 1:16CV100.

this petitioner also provided exhibits and a detailed outline of the ineffectiveness concerning appointed counsel." Id. at 2. The petitioner further indicates that "[o]n or about December 19th, 2016, [he] was transferred to Lewisburg Special Management Unit[ ] [sic] SMU where [he is] currently housed." Id. Moreover, the petitioner alleges that he "still has not received his personal property and legal work since it was confiscated on August 5th, 2016." Id. Lastly, the petitioner requests a "status update of his filings." Id.

The petitioner then filed what is titled as "Motion for Status Update/Motion to Amend/Supplement in Support of Habeas § 2255 Petition." ECF No. 451.[5] In that motion, the petitioner requests that this Court "supplement/amend" the following cases "into his habeas § 2255 petition[:]" (1) United States v. Ali, 2019 U.S. App. LEXIS 4140 (4th Cir. Feb. 11, 2019); (2) United States v. Simms, 914 F.3d 229 (4th Cir. Jan. 24, 2019); (3) Dimaya v. Lynch, 803 F.3d 1110, 1120 (9th Cir. 2015); (4) United States v. Strayhorn, 743 F.3d 917 (4th Cir. 2014); (5) United States v. Feliciano, 747 F.3d 1284 (11th Cir. 2014); (6) United States v. Lewis, 802 F.3d 449 (3rd Cir. 2015); and (7) United States v. Henry, 797 F.3d 371 (6th Cir. 2015). Id. at 1-2. The petitioner states that he should be permitted "to supplement these appellant authorities into his

---

[5]ECF No. 451 in Criminal Action No. 1:03CR47 is not docketed in Civil Action No. 1:16CV100.

pleadings pursuant to Fed. R. Civ. P. 15(c) because it relates back and will not result in prejudice to the opposing party." Id. at 3.

The petitioner has also filed what is titled as "Motion to Amend and Supplement in Accordance with F. R. Civ. P. 15(c)(1)(B) and F. R. Civ. P. 15(d)." ECF No. 452.[6] In that motion, the petitioner asserts that "after the Supreme Court's decision in Sessions v. Dimaya, 584 U.S. __ (2018) the residual clause of 18 USC § 924(c) is unconstitutionally [vague] [sic], and therefore Hobbs Act robbery can not support an enhancement under § 924(c) because Hobbs Act robbery 'is' common law robbery with an interstate element, and 18 USC § 1951 is constructed in accordance with the common law to cover uses of both ['violent'] [sic] and 'nonviolent' force." Id. at 4. Moreover, the petitioner cites Descamps v. United States, 133 S. Ct. 2276 (2016), and states that Descamps "teaches us that if a statute sweeps more broadly than the generic offense, a conviction under that statute cannot be used as a predicate for enhancement under § 924, even if the defendant actually committed the offense in its generic form." Id. at 9. The petitioner also cites Descamps to support his contention that "a conviction under 18 USC § 2113(a) is not a crime of violence

_____

[6]In ECF No. 452, docketed under Criminal Action No. 1:03CR47, the petitioner erroneously cites Criminal Action No. 1:03CR47 as Criminal Action No. 1:02CR47. See ECF No. 452 at 1. ECF No. 452 is not docketed in Civil Action No. 1:16CV100.

under the proper application of the categorical approach." Id. at 11.

The government then filed a response to the petitioner's motion to amend and supplement in accordance with Federal Rule of Civil Procedure 15(c)(1)(b) and Federal Rule of Civil Procedure 15(d). ECF No. 18/ECF No. 453. In its response, the government states that it incorporates its response in the government's answer to the petitioner's petition (ECF No. 14/ECF No. 376). Id. at 2.

The petitioner filed a reply to the government's response to the petitioner's motion to amend and supplement in accordance with Federal Rule of Civil Procedure 15(c)(1)(b) and Federal Rule of Civil Procedure 15(d). ECF No. 454.[7] In his reply, the petitioner first contends that his "argument was aimed directly at 18 USC Section 924(c)(3)(A), the so-called 'force clause.' This is because this circuit, and several others have already ruled that 924(c)(3)(B) is unconstitutionally vague." Id. at 1. Second, the petitioner asserts "that the word 'force' in the Hobbs [A]ct covers both 'violent,' and 'nonviolent,' uses of force, and that the Hobbs Act was specifically written to cover any and all uses of force, whether 'violent,' or 'non-violent.'" Id. The petitioner then asserts that the language of the Hobbs Act is broad and that the words "force," "violence," and "putting in fear" must be given

---

[7]ECF No. 454 in Criminal Action No. 1:03CR47 is not docketed in Civil Action No. 1:16CV100.

their broadest possible meaning." <u>Id.</u> Lastly, citing <u>Scheidler v.</u> <u>NOW</u>, 537 U.S. 393 (2003), the petitioner asserts that "any ambiguity as to the meaning of the word 'force' under the Hobbs Act must be decided in favor of the petitioner." <u>Id.</u> at 2.

This action was referred to United States Magistrate Judge Michael John Aloi for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2 and 28 U.S.C. § 636(b)(1)(B). The magistrate judge filed a report and recommendation recommending that the petitioner's motion to vacate, set aside, or correct sentence by a person in federal custody (ECF Nos. 1 and 12/ECF Nos. 350 and 360) be denied and dismissed with prejudice. ECF No. 19 at 23/ECF No. 460 at 23. Moreover, the magistrate judge recommended that all of the following be denied as moot: (1) the petitioner's pending motion for status update/second request to hold proceeding in abeyance for requisite time (ECF No. 380); (2) the petitioner's consolidated motion for status update/ motion of notice of change of address/motion to preserve the rights for equitable tolling (ECF No. 16/ECF No. 396); (3) the petitioner's motion for status update/motion to amend/supplement in support of § 2255 motion (ECF No. 451); and (4) the petitioner's motion to amend and supplement in accordance with Federal Rule of Civil Procedure 15(c)(1)(B) and Federal Rule of Civil Procedure 15(d) (ECF No. 452). <u>Id.</u> at 23-24.

The magistrate judge informed the petitioner that if he objected to any portion of the report and recommendation, he was required to file specific written objections within 14 days after being served with copies of the report and recommendation. Id. at 24.

The petitioner then filed a motion for an extension of time to file objections to the magistrate judge's report and recommendation. ECF No. 21/ECF No. 462. This Court granted the motion for an extension of time. ECF No. 22/ECF No. 463. The order directed the petitioner to file objections on or before August 19, 2019. Id. at 1.

The petitioner later filed another motion that sought: (1) an extension of time to file objections to the magistrate judge's report and recommendation and (2) permission to submit certain case law. ECF No. 23/ECF No. 464. This Court then denied the motion as moot. ECF No. 24/ECF No. 465. In that order, this Court noted that the petitioner is free to submit or cite, as part of his objections to the magistrate judge's report and recommendation, any case law the petitioner deems relevant. Id. at 1. The Court stated that it would then consider such case law as part of the petitioner's objections to the magistrate judge's report and recommendation. Id.

The petitioner then filed another motion for an extension of time to file objections to the magistrate judge's report and

recommendation.  ECF No. 30/ECF No. 472.  The Court granted as framed the petitioner's motion to extend the deadline to file objections.  ECF No. 31/ECF No. 473.  The order directed the petitioner to file objections on or before August 26, 2019.  <u>Id.</u> at 2.

Shortly thereafter, the petitioner filed a motion to stay these proceedings.  ECF No. 32/ECF No. 475.  This Court denied the petitioner's motion to stay.  ECF No. 33/ECF No. 476.  The order confirmed that the petitioner is to file his objections on or before August 26, 2019.  <u>Id.</u> at 2.

The petitioner then filed a motion titled as "Motion for Leave Respectfully Requesting That This Court Grant Petitioner Three (3) Different Orders."  ECF No. 36/ECF No. 479.  Specifically, the petitioner requests that this Court:

> (1) Grant Him Permission To File [a] Rule 15(c)(2) Motion To Amended – Supplement the original pleading under <u>Mayle</u> Intra., with attached § 2255 and accompanies Memorandum of Law Pursuant to <u>Davis</u>[8]; (2) Grant Him Permission To File A ('oversize') Rule 15(c)(2) Motion and; (3) Granting An Order Directing The Assistant U.S. Attorney Involved In This Civil No. 1:16-cv-100, Collateral Part Or All Of The Grounds Petitioner Raises Within This Rule 15(c)(2) Motion, Attached § 2255 and Accompanied Memorandum of Law.

<u>Id.</u> at 1 (emphasis omitted).

Specifically, with respect to his first request, the petitioner requests that he be allowed to 'amend–supplement' the

---

[8] <u>United States v. Davis</u>, 139 S. Ct. 2319 (2019).

original pleading before this Court under <u>Johnson</u> <u>Supra</u> by it being a body part of <u>Davis</u>." <u>Id.</u> at 2 (emphasis omitted). With respect to his second request, the petitioner refers to his attached memorandum of law that asserts that this Court should permit him "this (oversize) Rule 15(c)(2) Motion" in the "interest of Justice." <u>Id.</u> at 2 (emphasis omitted). With respect to his third request, the petitioner "urges this Court to take judicial notice that based on the facts set forth above . . . that it should 'grant an order directing the (AUSA) to file a timely response or concede' to Petitioners Rule 15(c)(2) (Grounds)." <u>Id.</u> (emphasis omitted).

In his attached memorandum of law, the petitioner states that his "primary contention before this Court are the recent Supreme Court opinion(s)-decision(s) in <u>Johnson-II</u>, <u>Dimaya</u>, and in particular <u>Davis</u> all supra, that each one are ['new substantive'] rulings of criminal procedure." ECF No. 36 at 3/ECF No. 479-1 at 3 (emphasis omitted). He further states that he "is allowed to file Rule 15(a) or (c) [Amendment or Supplemental] Motion and Memorandum of Law to actually challenge the jury instructions under 18 U.S.C. § 2, <u>Pinkerton</u> liability theories and § 924(c)(3)(B) 'unconstitutional vague residual clause statute.'" <u>Id.</u> (emphasis omitted). The petitioner then "urges this Court to take judicial notice that he was prosecuted under two different ('flawed') jury instructions liability theories of guilt." <u>Id.</u> at 4. Under a new

section titled "Objections to the Magistrate Judge's July 3, 2019, (R&R)," the petitioner requests that this Court "recognize that <u>Davis</u> is a body part in conjunction with <u>Johnson-II</u> and <u>Dimaya</u>, that critically raises serious questions, not for a jury, but of law that effects many different criminal statutes, Circuit Precedents and Federal sentences that include: '18 U.S.C. § 2, Pinkerton liability theories' and '§924(c)'." <u>Id.</u> Under a new heading titled "First Question Presented for Review," the petitioner cites <u>Rosemond v. United States</u>, 572 U.S. 65 (2014). <u>Id.</u> at 5. The petitioner states that "the jury verdict did not reveal whether Petitioner's convictions were based on the 'Aiding and Abetting' liability or 'Pinkerton' liability. The 'aiding and abetting' instruction given to the jury is now invalid." <u>Id.</u> (emphasis omitted). The petitioner then asserts that this Court should take "judicial notice that with the ('flawed') jury instructions . . . the aiding and abetting liability theory not only must fall (set aside and vacated); but also raises a serious question not for the jury, upon the law; whether the Pinkerton Conspiracy Liability can now survive as well." <u>Id.</u> (emphasis omitted). Moreover, the petitioner contends "for sake of argument; both 'conspiracy' under the 'Pinkerton' or § 18 U.S.C. § 371 jury instructions standing alone do not qualify as Crimes of Violence, neither under the § 924(c)(3)(A) 'Force Clause' nor under the no longer qualified [ ] [sic] §924(c)(3)(B)." <u>Id.</u> Therefore, the

petitioner concludes, "Counts Four and Six must be set aside and vacated with an additional order directing the BOP to immediately release the Petitioner from Federal custody and into the Supervised Probation Officer's jurisdiction." Id. Then, the petitioner asserts that "it cannot be categorically true that the § 2 Statute has as an element 'the use, attempted use, or threatened use of physical force against the person or property of another' and Statute § 2, at most, defines an offense in a way that allows for both violent and non-violent means of commission. Therefore, that offense is not categorically a crime of violence under the force clause." Id. The petitioner then contends that there is no uniformity among the courts as to whether a categorical or modified categorical approach applies when considering whether a predicate offense constitutes a crime of violence under § 924(c)'s "force clause." Id. at 7. The petitioner states that "18 U.S. c&2 statute is unconstitutionally vague because it fails to not only give ordinary people fair notice of the conduct it punishes or 'is so standard less that it invites arbitrary enforcement.'" Id. The petitioner then asserts that "[a] defendant cannot be punished under the Johnson II, Mathis, Dimaya, and Davis, void, for vagueness doctrine. Therefore, employing the rule of Lenity's teaching that ambiguities about the breadth of a criminal statute should be resolved into the defendants favor, Counts 2 through 6 must be invalidated." Id.

The petitioner also attached a new motion under § 2255. ECF No. 36-2/ECF No. 479-2. In that attached motion, under "Ground One," the petitioner states: "[w]hether . . . The Petitioner was prosecuted under two different flawed jury instructions liability theories of guilt which the jury verdict further does not reveal specifically under what theory, and under the Davis doctrine, it has complicated the issue even worse by one or both of those two different flawed Hobbs Act robbery liability theories cannot constitute as a crime of violence under the § 924(c)(3)(A) 'Force Clause' nor § 924(c)(3)(B) unconstitutional vague 'residual clause.'" Id. at 5. Under "Ground Two," the petitioner states, "[i]n the wake of the Supreme Court recent decision: Part one: whether . . . it has caused 'ambiguity and split' among the lower federal courts, as to which 'approach' is to be applied in cases as this where the petitioner was 'contemporaneously' charged and jury were instructed of only non-violent Hobbs Act robbery elements? Part Two: whether . . . it has also caused 18 U.S.C. § 2 statute to be unconstitutionally vague-ambiguous?" Id. at 6. Under "Ground Three," the petitioner states: "[w]hether a single criminal episode conspiracy agreement to use, carry or posses firearms in violation of 2 simultaneous Hobbs Act robberies prohibits multiple consecutive 924(c)'s sentences." Id. at 8.

This Court denies the petitioner's motion based on Federal Rule of Civil Procedure 15(c)(2) (ECF No. 36) as untimely since the

petitioner filed this motion after the magistrate judge entered a report and recommendation and on the date objections to the report and recommendation were due.  However, this Court will consider certain portions of the motion to the extent that those portions can be construed as objections to the magistrate judge's report and recommendation.  Moreover, this Court considers, as part of the petitioner's objections, any case law cited throughout the petitioner's motion and his attached memorandum of law, regardless of whether that case law is in support of the petitioner's Rule 15(c)(2) motion.

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted in its entirety.

## II.  <u>Applicable Law</u>

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which an objection is timely made.  Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed <u>de novo</u> as to those findings to which the petitioner objected.  As to those findings to which objections were not filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).

Because certain portions of the petitioner's motion (ECF No. 36) can be construed as objections to the report and recommendation, the Court will review the portions of the magistrate judge's recommendation that the petitioner objected to _de novo_. As previously mentioned, this Court will also consider as part of the petitioner's objections, any case law cited throughout the petitioner's motion and his attached memorandum of law, regardless of whether that case law is in support of the petitioner's Rule 15(c)(2) motion.

### III.  Discussion

On _de novo_ review, this Court adopts and affirms the report and recommendation (ECF No. 19) in its entirety.

In his recommendation, with respect to Grounds One, Two, Three, and Five of the petitioner's motion (ECF No. 1), the magistrate judge properly found that since the sentence the petitioner received was not based on the application of the ACCA's residual clause, and because the sentence was enhanced by the application of the § 924(c)(1)(A)(ii) and § 924(c)(1)(C)(I) "force clauses," the petitioner's argument that _Johnson_ renders his convictions and/or sentences for these charges invalid lacks merit. _Id._ at 17-18.  The magistrate judge further correctly determined that there is no unconstitutionally vague language with respect to the relevant statutes at issue, and so the petitioner's convictions on Counts One, Two, and Three are unaffected by _Johnson_.  _Id._

17

at 18-19. Moreover, the magistrate judge properly noted that there is no "void for vagueness" language in Count Five, and so his conviction is unaffected by <u>Johnson</u>. <u>Id.</u> at 19-20. The magistrate judge further correctly indicated that: (1) the Fourth Circuit has held that bank robbery is still a crime of violence, even after <u>Johnson</u>; (2) that the overwhelming weight of authority indicates that bank robbery violations under § 2113(a) are crimes of violence under § 924(c)'s "force clause;" and (3) that every court to address the issue has found that Hobbs Act robbery is still a crime of violence after <u>Johnson</u>. <u>Id.</u> at 20. Therefore, the magistrate judge properly concluded that Grounds One, Two, Three, and Five are without merit. <u>Id.</u>

With respect to Grounds Four, Six, and Seven, the magistrate judge correctly stated that although the Supreme Court of the United States has found that the residual clause of the definition of violent felony in § 924(c)(3)(B) was unconstitutionally vague, it has not yet been decided whether that holding will be applied retroactively to cases on collateral review. <u>Id.</u> at 22-23 (citing <u>Davis</u>, 139 S. Ct. 2319 (2019)). Importantly, the magistrate judge determined that the petitioner is not entitled to relief even if the <u>Davis</u> holding was retroactive since the petitioner was not convicted under the § 924(c)(3)(B) residual clause but rather his Ground Four and Six convictions were under the "force" clauses contained in 18 U.S.C. § 924(c)(1)(A)(ii) and (c)(1)(C)(i). <u>Id.</u>

18

at 23. This Court finds that the magistrate judge properly concluded that Grounds Four, Six, and Seven are without merit as well. Id. at 21-23.

Upon de novo review, this Court finds that the petitioner's contentions fail and the court decisions cited by the petitioner do not afford the petitioner relief. Further, the magistrate judge properly reviewed the petition and correctly applied the applicable substantive law.

Thus, this Court upholds the magistrate judge's recommendation and overrules the petitioner's objections.

IV. <u>Conclusion</u>

For the reasons discussed above, the report and recommendation of the magistrate judge (ECF No. 19/ECF No. 460) is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the petitioner's motion to vacate, set aside, or correct sentence by a person in federal custody (ECF Nos. 1 and 12/ECF Nos. 350 and 360) is DENIED AND DISMISSED WITH PREJUDICE. ECF No. 19 at 23/ECF No. 460 at 23. Moreover, the: (1) the petitioner's pending motion for status update/second request to hold proceeding in abeyance for requisite time (ECF No. 380); (2) the petitioner's consolidated motion for status update/motion of notice of change of address/motion to preserve the rights for equitable tolling (ECF No. 16/ECF No. 396); (3) the petitioner's motion for status update/motion to amend/ supplement in support of § 2255 motion (ECF No. 451); and (4) the

petitioner's motion to amend and supplement in accordance with Federal Rule of Civil Procedure 15(c)(1)(B) and Federal Rule of Civil Procedure 15(d) (ECF No. 452) are DENIED AS MOOT.

The petitioner's motion to amend pursuant to Federal Rule of Civil Procedure 15(c)(2) (ECF No. 36/ECF No. 479) is DENIED AS UNTIMELY and the petitioner's objections (ECF No. 36/ECF No. 479) are OVERRULED.

It is further ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

Further, Rule 11(a) of the Rules Governing § 2254 and § 2255 cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. This Court's memorandum opinion and order is a final order adverse to the petitioner in a case in which 28 U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability to take an appeal.

This Court finds that it is inappropriate to issue a certificate of appealability in this matter. Specifically, this Court finds that the petitioner fails to make a "substantial

showing of the denial of a constitutional right." <u>See</u> 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. <u>See</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003). Upon review of the record, this Court finds that the petitioner has not made the requisite showing. Accordingly, the petitioner is DENIED a certificate of appealability by this district court. The petitioner may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue a certificate of appealability.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the <u>pro se</u> petitioner by certified mail. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    September 16, 2019


                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE